## Taking of Bail by Justices of the Peace

MARGIOTTI, Attorney General, October 16, 1936.—You have asked for an opinion interpreting section 3 of the Act of March 31, 1860, P. L. 427, as amended on May 2, 1899, P. L. 173, which provides for the arrest of persons in counties other than the one in which the offense was committed and the warrant issued, and for the taking of bail by aldermen or justices in the county in which the arrest was made. You ask if the alderman or justice of the county in which the arrest was made is limited to taking bail from the defendant, or whether he may sum-

mon witnesses and hold a preliminary hearing. You also ask whether the provisions for taking bail in the county of arrest are optional, so that they may be disregarded and the defendant taken directly before the proper alderman or justice in the county in which the offense was committed if the question of bail is not raised.

The Act of March 31, 1860, P. L. 427, as amended, provides:

"That in case any person against whom a warrant may be issued by any judge or alderman of any city, or justice of the peace of any county in this Commonwealth, for any offense there committed, shall escape, go into, reside, or be in any other city or county out of the jurisdiction of the judge, alderman, or justice of the city or county granting such warrant as aforesaid, it shall and may be lawful for the person to whom such warrant was originally directed, or the person having such warrant for execution, to execute the same, and arrest such offender in such city or county, out of the jurisdiction of the alderman, justice or justices granting such warrant aforesaid, and to carry the defendant before any alderman, justice or justices in the city or county in which such offender may be apprehended . . . shall be bailable in law by any alderman or justice of the peace, and such offender shall be willing and ready to give bail for his appearance at the next court of general jail delivery or quarter sessions, to be held in and for the city and county where the offense was committed, such alderman, justice or justices, in the city or county where such offender was apprehended, shall and may take such bail for his appearance, in the same manner as the alderman or justices of the peace of the proper city or county might have done; and the said alderman, justice or justices of the peace of such other city or county so taking bail, shall deliver or transmit such recognizance and other proceedings to the clerk of the court of general jail delivery or quarter sessions, where such offender is required to appear by virtue of such recognizance, and such recognizance and other proceedings shall be as good

and effectual in law as if the same had been entered into, taken or acknowledged in the proper county where the offense was committed, and the same proceedings shall be had therein; and in case the offense for which such offender shall be apprehended in any other city or county, shall not be bailable in law by an alderman or justice of the peace, or such offender shall not give bail for his appearance at the proper court having cognizance of his crime, to the satisfaction of the alderman or justice before whom he shall be brought, then the constable or other person so apprehending such offender, shall carry and convey him before one of the aldermen or justices of the peace of the proper city or county where such offense was committed, there to be dealt with according to law: Provided, That the warrants so as aforesaid issued shall be stamped with the official seal. of the officer issuing the same, which seal shall contain the name and official title of said officer and the State and county in which he resides."

We know of no court decisions or opinions of this department ruling upon the questions you raise. However, we feel that the above provision clearly indicates that the sole function of the alderman or justice of the county in which the defendant is arrested is to take his bail for his appearance at the court having jurisdiction of the crime, and not to hold preliminary hearing.

The only authority given to aldermen or justices by the statute is that "such aldermen, justice or justices, in the city or county where such offender was apprehended, shall and may take such bail for his appearance". The necessary additional authority to hold a preliminary hearing could only be conjured up by implication, and it is axiomatic among the rules of statutory interpretation that there is no occasion for construction or implication unless the statute involved is ambiguous.

It is true that this act is silent upon the question of a preliminary hearing, but there is a clear distinction between ambiguity and silence. Ambiguity is sometimes a

species of silence in that it is the result of a lack of explicit words in statutory provisions. However, no one would contend that a statute making express and definite provisions for one situation is rendered ambiguous because it is silent as to other entirely different situations. This act authorizes nothing but the taking of bail for appearance in court, and we are convinced that any attempts to extend by implication the powers conferred by the statute would be improper.

As stated before, there is no ambiguity in this provision requiring construction or interpretation, but, even if there were, the result of such construction would be dictated by the intent of the legislature in passing the statute, and we do not believe the legislature contemplated removing the scene of the preliminary hearing from the county in which the crime was committed.

You also ask whether it is necessary to proceed in accordance with the provisions of this act if the defendant does not raise the question of bail. It is our opinion that in such a situation the defendant may be taken directly before the proper alderman or magistrate in the county where the offense was committed. If the defendant is informed of his rights and does not wish to give bail for appearance in court, it would be a useless formality to take him before the alderman or magistrate in the county of arrest.

The act provides that if the defendant does not give bail when brought before such alderman or magistrate he shall be taken before one of the aldermen or justices in the county of the crime, to be dealt with according to law. In other words, when the defendant has decided not to give bail for appearance in court, the same result is reached whether he is taken before the alderman or justice in the county of arrest or not. Consequently, if the only reason for taking the defendant before the alderman or justice in the county of arrest is lacking, we think this step in the prosecution may properly be dispensed with.

You are advised, therefore, that the alderman or justice of the county in which an arrest is made under the provisions of section 3 of the Act of March 31, 1860, P. L. 427, as amended, is limited to the taking of bail from the defendant for his appearance at the court having jurisdiction of the crime and may not summon witnesses and hold a preliminary hearing. You are also advised that if the defendant does not wish to give bail the procedure outlined in the act may be dispensed with and the defendant taken directly before the proper alderman or justice in the county in which the offense was committed.

From Frederic Ray, Harrisburg.